**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

| | |
|---|---|
| MICHAEL D. SMITH,           )<br>                                        )<br>       *Plaintiff*,              )<br>                                        )<br>v.                                    )<br>                                        )<br>BNSF RAILWAY COMPANY, )<br>                                        )<br>       *Defendant*.           )<br>                                        )<br>Serve:  The Corporation Company  )<br>            515 S. Kansas Ave.                )<br>            Topeka, KS 66603              ) | Case No.: 08-CV-2615 JAR/DJW |

**COMPLAINT**

The plaintiff, Michael D. Smith ("Mr. Smith"), brings this complaint for personal injuries he sustained while working for the defendant, BNSF Railway Company ("BNSF").

**The Parties, Jurisdiction and Venue**

1.      Mr. Smith brings this action for negligence under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51, *et seq.*  This Court has jurisdiction under 45 U.S.C. § 56 and 28 U.S.C. § 1331.  Venue is proper in this Court under 28 U.S.C. § 1391(c).

2.      Mr. Smith is a resident of Johnson County, Kansas.

3.      BNSF is a Delaware corporation engaged in interstate commerce by railroad, and in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States.  At all times relevant to this complaint, BNSF has conducted business in the State of Kansas and in this judicial district.  BNSF's registered agent for service of process is: The Corporation Company; 515 S. Kansas Ave.; Topeka, Kansas 66603.

**Facts that Support the Plaintiff's Claims**

4. Mr. Smith began his railroad career in 1970, and has worked for BNSF or its predecessors since 1980.

5. Mr. Smith has spent his career as a switchman, spending the majority of his career working in BNSF's rail yard in Lenexa, Kansas.

6. Throughout his career, BNSF required Mr. Smith to operate shoulder-high bumper handbrakes. These handbrakes required a repetitive pumping motion that necessitated shoulder-concentrated exertion. Routinely, Mr. Smith would set 5 such brakes per workday, and each brake required 12 to 15 downward pumps.

7. Over the 18 years spent in the Lenexa yard, Mr. Smith conservatively estimates that he exerted half a million repetitions of this movement.

8. In 2006, Mr. Smith for the first time felt initial tightness and—ultimately—significant debilitating pain in his right shoulder. His doctor first believed he suffered from simple inflammation.

9. By the end of 2006, Mr. Smith underwent a series of cortisone injections that provided no relief

10. In February 2007, Mr. Smith underwent magnetic resonance imagining (MRI) of his right shoulder that revealed a torn rotator cuff.

11. In April 2007, Mr. Smith underwent arthroscopic surgery and then open surgical repair of his rotator cuff.

12. Since his surgery, Mr. Smith has been physically unable to return to his occupation as a switchman.

13. Mr. Smith's treating surgeon believes to a reasonable degree of medical certainty that Mr. Smith's work caused his rotator cuff injury.

## The Defendant's Liability

14. At all times relevant to this complaint, the defendant had a legal duty under FELA to provide the plaintiff with safe working conditions, properly working equipment, safe tools and appliances, and safe methods of work.

15. The defendant (through the acts of its officers, agents, servants and/or the defendant's employees other than the plaintiff) failed to carry out these responsibilities, thereby breaching its duty to the plaintiff in the following respects:

> a. BNSF failed to provide Mr. Smith with safe equipment, and safe working conditions, The design of these pump brakes unduly required Mr. Smith to utilize shoulder-concentrated exertion. Although other less strenuous handbrakes were available, BNSF continued to equip their railcars with these more physically demanding pump brakes.
>
> b. BNSF ignored studies—either internal, industry-wide, or both—that identified a greater incidence of repetitive-trauma injuries among railroad switchmen and brakemen like Mr. Smith.
>
> c. BNSF failed to provide Mr. Smith with proper ergonomic training to both prevent repetitive trauma injuries through use of proper body mechanics and—ultimately—timely identify repetitive trauma injuries to prevent further injury and damage.
>
> d. BNSF failed to promulgate, follow and enforce reasonable rules, customs, practices, policies and procedures for the protection of Mr. Smith.

16. BNSF was negligent in each and every one of the respects outlined in paragraph 15 of this complaint. That is because BNSF and its agents or employees knew, or by the exercise of ordinary care should have known, that in each alleged failure it was reasonably likely that Mr. Smith and other employees would suffer bodily injury.

17. BNSF, in each of its negligent acts alleged in this complaint, has violated the FELA.

**The Plaintiff's Damages**

18.     Although Mr. Smith was nearly 60 when he became disabled, he intended to work until September 2009 because of financial concerns (including long-term retirement and health benefits) relating to his wife's age.

19.     Mr. Smith continues to experience pain and numbness, has completed weeks of formal physical therapy, and continues to routinely perform 15 pages of doctor-recommended home exercises to improve his strength and range of motion.  Despite the treatment described in this complaint, Mr. Smith cannot lift his arm above what he illustratively calls "steering wheel height."

20.     BNSF's negligence has caused—in whole or in part—Mr. Smith to suffer the following damages:

> a.  physical pain and suffering (past, present, and future);
>
> b.  emotional pain and suffering (past, present, and future);
>
> c.  the impairment of his physical ability to perform work, household, and leisure activities;
>
> d.  disfigurement caused by his injuries;
>
> e.  the reasonable value of necessary medical care received and expenses incurred as a result of his injuries;
>
> f.  the present cash value of medical care and expenses reasonably certain and necessary to be required in the future;
>
> g.  the reasonable value of past earnings lost as a result of the injury;
>
> h.  the present cash value of future earning capacity lost because of the injury, taking into consideration his earning power, age, health, life expectancy, mental and physical abilities, habits, and any other circumstances shown by the evidence;

    i.   lost fringe benefits of his employment (both past and future);

    j.   the reasonable value of necessary services provided by another in doing things for Mr. Smith, which, except for his injuries, he would ordinarily have performed himself; and

    k.  the present cash value of such services reasonably certain to be required in the future.

### Request for Relief

21.    Mr. Smith seeks a judgment and award of damages in an amount that is fair and reasonable to compensate him for these injuries and damages listed in paragraphs 15 of this complaint, and for: (a) all pre-judgment and post-judgment interest allowed by law; (b) all relief allowed under FELA not specifically requested in this complaint; (c) for his costs to bring this action; and (d) for all other relief deemed just and proper by this Court.

### Jury Trial Demand and Designation of Place for Trial

22.    Under Fed.R.Civ.P. 38, Mr. Smith demands a trial by jury. Under Local Rule 40.2, he designates KANSAS CITY, KANSAS as the place for trial.

Respectfully submitted,

**HUBBELL PEAK O'NEAL NAPIER & LEACH**

/s/ Jarrett A. Johnson  
Jarrett A. Johnson  (D. Kan # 78021)  
Union Station – Suite 350  
30 West Pershing Road  
Kansas City, Missouri 64108  
Telephone:   816-221-5666  
Facsimile:   816-221-5259  
*Attorneys for Plaintiff*